# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:22-cv-000149-MR

| | | |
|---|---|---|
| TERRANCE J. TRENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU HONEYCUTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I.    BACKGROUND

Pro se Plaintiff Terrance J. Trent ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On or about October 11, 2022, Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983 and 1985 against the following Defendants: (1) FNU Honeycutt, identified as the Warden at Alexander; (2) Chris Biecker, identified as the Unit Manager at Alexander; (3) Jerry Laws, identified as a Disciplinary Hearing Officer at Alexander; (4) FNU Morrison, identified as a Correctional Officer at Alexander; (5) FNU

Poteat, identified as a Unit Manager at Alexander; and (6) FNU Duncan, not otherwise identified. [Doc. 1 at 1-2]. Plaintiff is suing all Defendants in their individual and official capacities. [Doc. 1-1 at 6].

Plaintiff alleges as follows. On May 6, 2021, Plaintiff was assaulted by Case Manager Baers and attempted to seek redress for this incident. [Doc. 1-1 at 1]. Defendant Biecker retaliated against Plaintiff by interfering with the grievance process and denying Plaintiff an opportunity to be heard. Defendant Biecker's actions hindered Plaintiff's access to the Court's because administrative remedies must be exhausted before filing a Complaint.[1] [Id. at 1].

---

[1] On February 7, 2022, Plaintiff filed a Complaint in this Court against Defendants Baers, Beicker, and Latrice Blackburn. [Civil Case No. 5:22-cv-00014-MR, Doc. 1]. In that action, Plaintiff alleged that Defendant Baers assaulted him on May 6, 2021, and that Defendants Beicker interfered with the grievance process, violating Plaintiff's due process rights. [Id., id.]. Plaintiff's Complaint survived initial review against Defendant Baers under the Eighth Amendment and the Court dismissed Plaintiff's due process claim against Defendant Beicker, noting that Plaintiff does not have a constitutional right of access to grievance procedures, and Plaintiff's claim against Defendant Blackburn. [Id., Doc. 9 at 5]. On August 18, 2022, Plaintiff sought to amend his Complaint in that action to add all the Defendants that he names in the instant action, along with Captain Hester, seeking to state claims for retaliation and cruel and unusual punishment. [Id., Doc. 19]. He alleged that, since filing the Complaint in that action, he had been subject to retaliation. [Id., id. at 1]. Plaintiff also alleged that, in May 2021, Poteat and Morrison claimed that Plaintiff attempted to bring contraband into Alexander and then, in September 2021, Poteat suspended Plaintiff's tablet privileges because Plaintiff was consequently deemed a security risk. [Id., id. at 2-3]. Plaintiff did not, however, maintain his claim against Defendant Baers in the attempted amended complaint. [Id., see id.]. The Court denied Plaintiff's motion to amend without prejudice and advised Plaintiff that he must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring against all Defendants he intends to sue and states all relief he is seeking. [Id., Doc. 23 at 4]. The deadline to amend his Complaint in that action expired on October 10, 2022, [Id., Doc. 18 at 1], one day before the Complaint in the instant action was

2

On September 16, 2021, Defendant Poteat began an investigation of Plaintiff, which resulted in Plaintiff being charged on September 24, 2021 with "trying to introduce contraband to the facility on a 3-way call." [Doc. 1-1 at 3]. Plaintiff lost his tablet privileges because of the charge. [Id.]. Originally, the tablet restriction was set to be lifted in April 2023, but the Defendants continue to extend the restriction when Plaintiff writes grievances. Now, the restriction is set to be lifted in November 2023. [Id. at 4]. On August 29, 2022, Plaintiff remained under investigation for this charge.[2] Under North Carolina Department of Public Safety (NCDPS) policy, investigations must be concluded within 60 days. The investigation of this charge, however, was subject to "constant continuations" of which Plaintiff was not notified. [Id.]. Defendants Duncan and Poteat knew about "this whole delima and continued to allow the denial of due process, the deprivation of liberty and the promotion of atypical and significant hardship," which "constitutes deliberate indifference and liability." [Id. at 5].

At some unidentified time, Defendant Biecker continued to retaliate

---

postmarked. [Doc. 1-2]. For now, at least, the Court will allow these actions to proceed separately.

[2] Plaintiff makes no other allegations specific to this date. Plaintiff, however, attached a copy of an August 29, 2022 grievance to his verified Administrative Remedy Statement. [Doc. 5 at 4]. In that grievance, he complains that he is being denied a fair opportunity to use the law library because of the 2-year-long tablet restriction. [Id.].

against Plaintiff by conspiring with Defendant DHO Laws and Defendant Officer Morrison to bring "severe charges" against Plaintiff. Defendants Biecker and Laws never investigated these charges, but they approved them knowing Plaintiff would receive extensive punishment. Specifically, Defendant Laws failed to be an impartial factfinder in the disciplinary proceedings. Plaintiff pleaded not guilty to the charges, wrote a statement, and requested physical evidence and witnesses. Defendant Laws claimed that Plaintiff never asked for evidence or witnesses and Plaintiff was not allowed either. Defendant Laws moved to find Plaintiff guilty, even though Plaintiff was innocent, and imposed sanctions, including 30 days in segregation; 180 days of "credit loss time;" 100 hours of extra duty; "2 months draw limited;" and loss of radio and canteen privileges, visitation, and recreation time for 90 days. [Id. at 2]. Plaintiff appealed the charges and sanctions, and the charges were dismissed on appeal by Chief Disciplinary Officer Monica Bonds. [Id. at 2-3]. Plaintiff received notice of the dismissal on July 18, 2022.[3] [Id. at 3; see Doc. 5 at 5].

Defendant Honeycutt is aware of all of Plaintiff's claims here because

---

[3] Plaintiff filed a copy of this Notice with his Administrative Remedy Statement. [Doc. 5 at 5]. The Notice provides that the charges were "dated" – and presumably committed on – February 25, 2022, which was over nine (9) months after the alleged assault by Baers. [Id.].

"the plaintiff's mother constantly contacts [Honeycutt] and attempts to seek assistance for her son." [Doc. 1-1 at 5]. Defendant Honeycutt "contribut[es] to [the] deliberate indifference" by "ignoring the numerous constitutional violations by his staff members." [Id.].

Plaintiff also seeks to state a claim against Defendant Honeycutt because Alexander "is operating under a 22 hour and 30 minute lock-down a day." [Doc. 1-1 at 5]. Inmates are only allowed out of their cells for 90 minutes per day and have only been allowed 45 minutes of outside recreation time per week for the last year. Inmates are entitled to at least 3 hours of outside recreation time per week. "Sunlight is a basic necessity of any living organism and the deprivation of it for 6 days at a time is unconstitutional." [Id.]. Plaintiff makes no other allegations and states no injuries relative to this claim. [See Doc. 1].

Plaintiff purports to state claims for retaliation, denial of court access, denial of due process, promotion of atypical and significant hardship, deprivation of liberty, cruel and unusual punishment, deliberate indifference, and wrongful placement in segregation.[4] Plaintiff also claims he was subject to intentional infliction of emotional distress. [Id. at 1].

---

[4] The Court will construe these claims under the First, Eighth, and Fourteenth Amendments, as appropriate.

For injuries, Plaintiff claims to have been falsely accused of various infractions and suffered the sanctions set forth above.  [Id. at 3].  Plaintiff seeks compensatory, punitive, and nominal damages.  [Id. at 6].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc.

Case 5:22-cv-00149-MR   Document 8   Filed 12/02/22   Page 6 of 23

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Section 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff makes claims under the First, Eighth, and Fourteenth Amendments, as well as a state law claim for intentional infliction of emotional distress.

#### 1. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

7

### 2. First Amendment

#### a. Retaliation

Plaintiff's claims Defendants Laws, Biecker, Morrison, Poteat, and Duncan retaliated against him for filing grievances. Plaintiff alleges that Defendant Honeycutt is aware of all the claims Plaintiff asserts here because Plaintiff's mother frequently calls Honeycutt seeking assistance for Plaintiff and that Honeycutt "ignores" the constitutional violations committed by his staff.

An inmate has a clearly established First Amendment right to be free from retaliation for filing grievances. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir.

2020) (quotation marks and citation omitted).  Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct.  See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Moreover, to establish liability under § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  As such, doctrine of respondeat superior does not apply in actions brought under § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Under Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994), however, supervisory liability may attach under § 1983 if a plaintiff can establish three elements: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) and "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  13 F.3d at 799 (citations omitted).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment retaliation claim is not clearly frivolous and survives initial review as to all Defendants in their individual capacities.

### b. Denial of Access to the Courts

Prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Plaintiff here alleges only that Defendant Biecker interfered with the grievance process relative to the alleged assault by Baers, and, therefore, hindered Plaintiff's access to the Court's because administrative exhaustion is required before filing a Complaint. Plaintiff, however, nonetheless successfully filed a Complaint relative to that claim, [see Case No. 5:22-cv-14, Docs. 1, 9], and successfully instituted the instant action. Plaintiff has not alleged any actual injury. Plaintiff, therefore, has failed to state a claim based on the denial of access to the courts. This claim will be dismissed as to all Defendants.

### 3. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison *conditions.*'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement *inflict harm* that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. In conditions of confinement cases, the requisite state of mind is deliberate indifference. Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). To prove deliberate indifference, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm.[5] Farmer v. Brennan, 511 U.S. 825, 847 (1994).

As to Defendants Laws, Biecker, and Morrison, Plaintiff claims his Eighth Amendment rights were violated by the imposition of various sanctions for infraction charges that were ultimately dismissed. These included 30 days in segregation; 180 days of lost good time credit; 100 hours of extra duty; loss of radio and canteen privileges, visitation, and recreation time for 90 days; and what Plaintiff calls "2 months draw limited." While these sanctions were certainly uncomfortable for and meaningful to Plaintiff, their

---

[5] Plaintiff purports to assert claims against Defendants Honeycutt, Laws, Biecker, and Morrison for cruel and unusual punishment and against all Defendants for "deliberate indifference." There is, however, no separate claim under the Eighth Amendment for "deliberate indifference." Rather, as noted, deliberate indifference is the state of mind necessary to show that a prison official violated the Eight Amendment's prohibition against cruel and unusual punishment. The Court, therefore, will treat Plaintiff's claims accordingly.

imposition does not rise to the level of an Eighth Amendment violation. That is, they did not inflict harm that was objectively, sufficiently serious to deprive Plaintiff of minimal civilized necessities. See Thorpe, 37 F.4th at 940. Moreover, Plaintiff has not alleged that Defendants were subjectively aware of any excessive risk to Plaintiff's health or safety by their imposition. Plaintiff's Eighth Amendment claims against Defendants Laws, Biecker, and Morrison, therefore, will be dismissed.

As to Defendants Poteat and Duncan, Plaintiff alleges that restricting his tablet use without justification constitutes cruel and unusual punishment. Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has not stated an Eighth Amendment claim against these Defendants. Denying access to a computer tablet does not inflict a sufficiently serious harm to deprive Plaintiff of life's minimal civilized necessities. The Eighth Amendment claim against Defendants Poteat and Duncan will also be dismissed.

Finally, Plaintiff's Eighth Amendment claim against Defendant Honeycutt for his failure to act relative to these Defendants' conduct here will also be dismissed. Plaintiff has not alleged that Defendant Honeycutt's subordinates were engaged in conduct constitutionally redressable under the Eighth Amendment.

### 4. Fourteenth Amendment

Plaintiff claims that Defendants denied him due process, deprived him of liberty, and promoted atypical and significant hardship. The Court will treat these claims as alleging violations of Plaintiff's Fourteenth Amendment due process rights.

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

Moreover, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)).  Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, an inmate is entitled to certain due process protections.  These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-71.  There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel.  See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004).  If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied.  See Baxter, 425 U.S. at 323 n.5.  Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence."  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Plaintiff alleges that, in the disciplinary proceeding on the "severe charges" brought against Plaintiff, Defendant Laws failed to be an impartial factfinder, claimed that Plaintiff never requested physical evidence or witnesses and did not allow Plaintiff to present either, moved to find Plaintiff guilty even though Plaintiff was innocent, that Plaintiff lost good time credits for having been found guilty, and that Plaintiff's charges were dismissed on appeal.  Again, Plaintiff alleges that Defendant Honeycutt was aware of this conduct and "ignored" it. Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's due process claims against Defendants Laws and Honeycutt are not clearly frivolous and survive initial review.

As to Defendants Biecker and Morrison, Plaintiff alleges that they conspired with Defendant Laws to bring the "severe charges" against Plaintiff and approved the charges without investigating them.  Even taking these allegations as true and giving Plaintiff the benefit of every reasonable inference, these allegations are insufficient to state a claim against Defendants Morrison and Biecker for violating Plaintiff's due process rights. While bringing these allegedly false charges may have constituted an act of retaliation, as addressed above, this conduct does not implicate Plaintiff's due process rights.  The due process claims against Defendants Biecker and

Morrison will be dismissed.

As to Defendants Poteat and Duncan, Plaintiff alleges that Defendant Poteat began an investigation that resulted in Plaintiff being charged with introducing contraband and that Plaintiff lost his tablet privileges because of the charge. Plaintiff also alleges that the investigation was subject to "constant continuations" of which he was not notified. Finally, Plaintiff alleges that Defendants Duncan and Poteat knew about the situation and "continued to allow" the denial of due process. These allegations are also insufficient to state a due process claim against these Defendants. Denial of access to a computer tablet is not constitutionally redressable. The due process claim against these Defendants will be dismissed.

## 5. Denial of Out of Cell and Outside Time

As provided, the Eighth Amendment protects prisoners from inhumane conditions of confinement. Williams, 77 F.3d at 761. Extreme deprivations are required, Hudson, 503 U.S. at 9, and the Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer, 511 U.S. at 847. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir.1993).

A reviewing court "owe[s] 'substantial deference to the professional judgment of prison administrators.'" Beard v. Banks, 548 U.S. 521, 528 (2006) (quoting Overton v. Bazzetta, 539 U.S. 126, 132 (2003)). "[R]estrictive prison regulations are permissible if they are 'reasonably related to legitimate penological [objectives],' and are not an 'exaggerated response' to such objectives." Id. (quotations omitted) (quoting Turner v. Safley, 482 U.S. 78, 87 (1987)). The length of time a plaintiff was subjected to the harsh conditions is an important factor in analyzing whether his constitutional rights were violated. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997)

"[I]n certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eight Amendment." Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) (citations omitted). "In deciding whether conditions at a jail are so onerously burdensome as to reach constitutional dimensions, courts must look at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate." Id. (citations omitted). These circumstances include the overall duration of incarceration, the length of time for which prisoners are locked in their cells each day, and the practical opportunities for the institution to provide prisoners with increased exercise opportunities. Mitchell v. Rice, 954 F.2d 187, 191 (4th

Cir. 1992). "Thus, confinement or punishment conditions imposed under one set of circumstances may constitute an Eighth Amendment violation; yet the same conditions, imposed under different circumstances, would not." Id.

Plaintiff here alleges that Defendant Honeycutt is operating Alexander "under a 22 hour and 30 minute lock-down a day," and has allowed only "45 minutes of outside recreation time a week for over a year." [Doc. 1-1 at 5]. Plaintiff claims this constitutes cruel and unusual punishment because inmates are entitled to at least three hours of outside recreation time per week and sunlight is a "basic necessity for any living organism." [Id.]. These allegations are insufficient to rise to the level of an Eighth Amendment violation. Plaintiff does not allege how long this relative "lock-down" has been in place or any other potentially relevant circumstances. While the "complete deprivation of exercise for an extended period of time violates Eighth Amendment prohibitions against cruel and unusual punishment," Mitchell, 954 F.2d at 191, Plaintiff does not allege that he is deprived of the opportunity to exercise. Rather, he alleges that he is being deprived of the opportunity to be outdoors more than 45 minutes per week. Plaintiff has also failed to allege any serious physical or emotional injury from the challenged conditions. Plaintiff's Eighth Amendment claim against Defendant Honeycutt based on the denial of out of cell and outdoor recreation time, therefore, fails

initial review and will be dismissed.

## B.    Section 1985

To state a claim under § 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights.  <u>Francis v. Giacomelli</u>, 588 F.3d 186, 196-97 (4th Cir. 2009). Courts reject "section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."  <u>Williams</u>, at *5 (quoting <u>Simmons v. Poe</u>, 47 F.3d 1370, 1377 (4th Cir. 1995)).  The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." <u>Simmons</u>, 47 F.3d at 1377.  To allege a conspiracy, a party must show that two or more persons acted in concert to commit an unlawful act or to commit a lawful act by unlawful means.  <u>See id.</u> at 1376.  Further, "a party must show an agreement or meeting of the minds between parties to inflict a wrong or injury upon another that results in damage."  <u>Williams</u>, at *5 (citations omitted).   A plaintiff must also show harm resulting from the alleged conspiracy.  <u>Id.</u> (citations omitted).

Taking Plaintiff's allegations as true and drawing reasonable inferences therefrom in Plaintiff's favor, Plaintiff has failed to allege a conspiracy to deprive his civil rights.  Plaintiff makes only a vague allegation

Case 5:22-cv-00149-MR   Document 8   Filed 12/02/22   Page 20 of 23

that Defendant Biecker retaliated against Plaintiff "by conspiring with" Laws and Morrison to bring charges against Plaintiff. This is plainly not enough to state a claim under Section 1985. The Court will dismiss this claim on initial review.

### C. Intentional Infliction of Emotional Distress

The essential elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress. Foster v. Crandell, 181 N.C.App. 152, 167, 638 S.E.2d 526, 537 (2007), disc. rev. denied, 361 N.C. 567, 650 S.E.2d 602 (2007).

Plaintiff alleges only that he "suffered from a mental health crisis" arising from being convicted of and sanctioned for the "severe charges," which were ultimately dismissed on appeal. He does not allege extreme or outrageous conduct or that such conduct was intended to cause severe emotional distress. Plaintiff, therefore, has failed to state a claim for intentional infliction of emotional distress. The Court will dismiss this claim.

## V. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's First Amendment retaliation claim against all Defendants and Plaintiff's Fourteenth Amendment due process claim against Defendants

Laws and Honeycutt, in accordance with the terms of this Order. All remaining claims, including Plaintiff's official capacity claims, fail initial review and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's First Amendment retaliation claim against all Defendants and Plaintiff's Fourteenth Amendment due process claim against Defendants Laws and Honeycutt, which are allowed to pass initial review.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims, including Plaintiff's official capacity claims, are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Honeycutt, Biecker, Laws, Morrison, Poteat, and Duncan, who are alleged to be current or former employees of NCDPS.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

The Clerk is also instructed to update the docket in this matter to include Plaintiff's correct OPUS number, 1252087.

**IT IS SO ORDERED**.

Signed: December 1, 2022

Martin Reidinger
Chief United States District Judge